# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **JAMES HAMILTON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:14CV00051 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **BODDIE-NOELL ENTERPRISES, INC.,** | ) | By: James P. Jones |
| **d/b/a HARDEES, ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*James Hamilton, Pro Se Plaintiff; Melissa W. Robinson and C. Kailani Memmer, Glenn Robinson & Cathey PLC, Roanoke, Virginia, for Defendants.*

In this personal injury case, removed from state court, the plaintiff claims that he became ill from a foreign substance in an iced tea purchased at a fast food restaurant. He asserts claims against the owner of the restaurant and its alleged parent company for negligence, gross negligence, breach of implied warranty, and state law violations under the Virginia Consumer Protection Act ("VCPA"), Va. Code Ann. § 58.2-196 et seq. Jurisdiction exists in this court pursuant to diversity of citizenship and amount in controversy. *See* 28 U.S.C. § 1332(a).

The defendant Boddie Noell Enterprises, d/b/a Hardee's ("BNE") has moved to dismiss the plaintiff's VCPA and gross negligence claims and any resulting claim for punitive damages, on the ground that insufficient facts have been alleged

to support these claims. The defendant CKE Restaurant Holdings, Inc. ("CKE"), claimed by the plaintiff to be the parent company, moves for dismissal on the grounds that the facts alleged do not state a claim against it. In response, the plaintiff has moved for leave to file a first amended complaint. The motions have been briefed and orally argued and are ripe for decision.

For the following reasons, I will dismiss the plaintiff's VCPA and gross negligence claims as well as all of the plaintiff's claims against defendant CKE. I will deny the remaining defendant's motion to strike the claim for punitive damages and I will deny the plaintiff's motion to amend.[1]

I.

The facts alleged, taken as true only for purposes of the Motion to Dismiss, leave little doubt that December 5, 2012, was a highly distressing day for the plaintiff James Hamilton, who is a practicing lawyer in Kentucky.[2] While driving

---

[1] The plaintiff did not need to file his Motion to for Leave to Amend Complaint, which was filed 16 days after the defendants' motions to dismiss. Under the rules, a complaint may be amended once without leave within 21 days of service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). The plaintiff did not take advantage of this rule, and the time limit has passed. I will deny his motion to amend, since the proposed amended complaint does not contain any additional facts not contained in the initial Complaint that would cure the defects noted herein. Of course, the dismissal of causes of action at this stage is without prejudice, since the case continues on counts not dismissed and the plaintiff may seek to timely amend at a later date in the event that he then can assert sufficient facts for additional claims.

[2] Some of these facts were presented in the plaintiff's response to the motions to dismiss and are not relied on for purposes of deciding those motions, but merely to provide factual context for the plaintiff's claims.

-2-

his mother through Virginia for medical treatment, Hamilton stopped and purchased an iced tea and biscuit at a Hardee's restaurant. Upon consuming the iced tea, Hamilton immediately noticed a strange, disagreeable taste. Soon after, he felt the onset of a rapid allergic reaction as his throat tightened, making it difficult for him to breathe. His symptoms quickly escalated into an anaphylactic shock reaction, forcing him to pull off the highway and take medication. As Hamilton was temporarily incapacitated, Hamilton's mother, who only had use of one of her hands, drove him to a local hospital. There, Hamilton was treated for anaphylactic shock and allergic reaction. Subsequent laboratory tests of the tea revealed high levels of mold, to which Hamilton is highly allergic.[3]

## II.

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, considered with the assumption that the facts alleged are true." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (internal citation omitted). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

---

[3] Hamilton attached hospital emergency department treatment records and laboratory test results to his opposition to the motions to dismiss. These documents are presented outside the pleadings and will not be considered for purposes of the motion to dismiss, Fed. R. Civ. P. 12 (d), and, in any event, do not affect the outcome here.

-3-

quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As an initial matter, I must dismiss the Complaint in its entirety against defendant CKE for failure to state a claim. The plaintiff claims that CKE is liable for failing to instruct, train or require employees to clean and maintain the iced tea dispensers, and that it is liable for Hardee's negligence under the doctrine of respondeat superior. However, aside from alleging that CKE is claimed to be a parent company of BNE, the plaintiff does not assert any factual basis on which CKE could be held liable for negligence by a corporate subsidiary's employees.

Turning to the plaintiff's allegations against BNE, I find that, even generously construed, the Complaint fails to state a VCPA violation. "To properly state a cause of action under the VCPA, Plaintiff must allege (1) fraud, (2) by a supplier, (3) in a consumer transaction." *Nahigian v. Juno Loudoun, LLC*, 684 F. Supp. 2d 731, 741 (E.D. Va. 2010). Specifically, the VCPA requires a plaintiff to "'allege a fraudulent misrepresentation of fact.'" *Nationwide Mut. Ins. Co. v. Overlook, LLC*, 785 F. Supp. 2d 502, 533 (E.D. Va. 2011) (quoting *Weiss v.*

*Cassidy Dev. Corp.*, 63 Va. Cir. 76, 78 (Fairfax Cnty. 2003)).  Further, "'[a]llegations of misrepresentation of fact must include the elements of fraud: a false representation, of material fact, made intentionally and knowingly, with intent to mislead, reliance by the party misled, and resulting damage.'" *Id.*

    Here, the plaintiff has failed to plead facts alleging a false representation of fact, much less that representations were made knowingly and intentionally with intent to mislead.  The plaintiff merely claims that the defendant "owned and operated a restaurant serving food to the public-at-large, and knew or should have known of the dangers [of] various contaminants and toxins, and as such the Defendant failed to properly train its employees."  (Compl. ¶ 16, ECF No. 1-1.)  These facts support a claim of negligence; were plaintiff's VCPA claim to pass muster on these alleged facts, negligence claims could routinely be repackaged as fraud claims.  Moreover, as a claim sounding in fraud, the plaintiff's VCPA claim is arguably subject to the heightened pleading standards set forth in Rule 9.  *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").[4]  Here, the plaintiff

---

    [4] Although there is authority that VCPA claims need not be pled with particularity, *Nigh v. Koons Buick Pontiac GMC, Inc.*, 143 F. Supp. 2d 535, 553 (E.D. Va. 2001), the reasoning in that case is conclusory.  Rather, I am persuaded by other cases holding that misrepresentation and fraud claims under the VCPA are sufficiently analogous to common law fraud claims for the particularity pleading requirement to apply.  *See, e.g.*, *Fravel v. Ford Motor Co.*, 973 F. Supp. 2d 651, 656 (W.D. Va. 2013);

has failed to plead any facts alleging fraudulent acts or misrepresentations committed by the defendants, and falls far short of meeting the particularity requirement.

Further, the plaintiff's gross negligence claim must be dismissed. Gross negligence requires a greater showing than ordinary negligence, which "'involves the failure to use the degree of care that an ordinarily prudent person would exercise under similar circumstances to avoid injury to another.'" *Wilkins v. Montgomery*, 751 F.3d 214, 228 (4th Cir. 2014) (quoting *Cowan v. Hospice Support Care, Inc.*, 603 S.E.2d 916, 918 (Va. 2004)). Under Virginia law, claims of negligence or breach of warranty involving unwholesome food require the same showing: "(1) that the goods were unreasonably dangerous either for the use to which they would ordinarily be put or for some other reasonably foreseeable purpose, and (2) that the unreasonably dangerous condition existed when the goods left the defendant's hands." *Bussey v. E.S.C. Rests., Inc.*, 620 S.E.2d 764, 767 (Va. 2005) (internal quotation marks and citations omitted). By contrast, gross negligence requires a showing of "indifference to such other and an utter disregard of prudence that amounts to a complete neglect of the safety of another person" that would "shock fair-minded persons." *Cowan*, 603 S.E.2d at 918. Unlike

---

*Myers v. Lee,* No. 1:10cv131 (AJT/JFA), 2010 WL 2757115, at *6 (E.D. Va. July 12, 2010) (citing *Nahigian,* 684 F. Supp. 2d at 741)).

simple negligence, gross negligence requires "an unusual and marked departure" from the routine performance of business activities. *Id.* at 919.

Essentially, the plaintiff's Complaint alleges that Hardee's inadequately cleaned its drink dispenser on this occasion, thus allowing mold growth to fester. These facts fit squarely within causes of action for ordinary negligence and breach of implied warranty of wholesome food. *See Bussey*, 620 S.E.2d at 767 (stating that, under Virginia law, implied warranty of wholesome food applies to sale of food by restaurants). However, the alleged facts are not sufficiently egregious to "shock fair-minded persons" and thus rise to the level of gross negligence. *Cowan*, 603 S.E.2d at 918.

Finally, with regard to the punitive damages claim, I will adhere to prior decisions "that a Rule 12(b)(6) motion is a premature means to attack a request for punitive damages, at least where such damages are theoretically recoverable under the applicable law." *Debord v. Grasham*, No. 1:14CV00039, 2014 WL 3734320, at *1 (W.D. Va. July 28, 2014). Therefore, at this stage I will not preclude recovery of punitive damages, on the understanding that the plaintiff would be required to provide the factual basis for his claim at the summary judgment stage or if the plaintiff sought embarrassing, oppressive or burdensome discovery, relevant to any relief sought.

III.

The plaintiff is left with his claims of negligence and breach of implied warranty, which are the recognized causes of action for injury caused by the service of unwholesome food by a restaurant operator. His other claims will be dismissed. It is accordingly **ORDERED** as follows:

1. The Rule 12(b)(6) Motion to Dismiss of Defendant Boddie-Noell Enterprises, Inc., d/b/a Hardees (ECF No. 3) is GRANTED IN PART and DENIED IN PART. The causes of action under the VCPA and for gross negligence are DISMISSED;

2. The Rule 12(b)(6) Motion to Dismiss of Defendant CKE Restaurant Holdings, Inc. (ECF No. 5) is GRANTED and said defendant is DISMISSED as a party hereto; and

3. Plaintiff's Motion for Leave to Amend Complaint (ECF No. 11) is DENIED.

    ENTER: February 23, 2015

    /s/ James P. Jones
    United States District Judge